UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Gary L. Wise**, # 285074, ) | C/A No. 6:06-923-HFF-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| South Carolina Dept of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

A pleading captioned: "A Motion for Judgement by Default Pursuant to Rule 55 FRCP" has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently incarcerated at the Turbeville Correctional Institution, part of the South Carolina Department of Corrections' (SCDC) prison system. In the initial pleading submitted in this case, Petitioner alleges that he filed an appeal from an adverse South Carolina state trial court judgment: Case no. 2003-CP-18-01893, to the South Carolina Court of Appeals. The Court of Appeals ordered Petitioner to make arrangements to order and pay for transcripts from the state trial court action so that the transcripts could be considered in connection with Petitioner's appeal. Petitioner claimed that he was unable to do so due to his indigent status and requested relief from the requirement; however, the Court of Appeals did not relieve him from that obligation and it dismissed his appeal when he failed to provide the transcripts. Petitioner then filed motions for rehearing and/or rehearing en banc with the Court of Appeals. When counsel for the appellee (Respondent in this case) refused to file responses to Petitioner's motions, he moved for "default judgement" under "Rule 55 of SCRCP." According to Petitioner, the Court of Appeals did not rule on that request

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

by Petitioner, and, as a result, Petitioner has now filed this case in this Court claiming entitlement to a *federal* default judgment even though the motions to which he felt responses were due were not filed in any pending case in this Court. Because Petitioner had no pending case in this Court against Respondent in which a true Rule 55 motion could arguably apply when the "motion" was submitted,[2] and because, in essence, Petitioner is asking this Court to review state court proceedings and to do something that he really wants the South Carolina Court of Appeals to do but which it refused to do, the undersigned is treating the pleading filed in this case as a Petition for Writ of Mandamus.[3]  See Black's Law Dictionary (8th ed. 2004)( "mandamus" is "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."); *see also* 28 U.S.C. § 1651.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed

---

[2] Federal Rule of Civil Procedure 55 is available for use by litigants in *federal* cases in which "a judgment for affirmative relief is sought" against "a party" who "has failed to plead or otherwise defend *as provided by these rules.*" Fed.R.Civ.P. 55 (emphasis added). In other words, Federal Rule 55 is available for use *only* in already filed, pending *federal* cases in which one or more of the named parties to that *federal* case fail to respond to requests for affirmative relief made in that same *federal* case. It is not a rule allowing for the institution of an independent federal action against opposing parties in a separate state court case who fail to respond to something filed in the state court proceedings.

[3]

by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of *its own* jurisdiction. See 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. See Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner).

In Gurley, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of

3

a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley, 411 F.2d at 587. The holding in Gurley was followed by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988). In Davis v. Lansing, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also* Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See* Craigo, 624 F. Supp. at 414; *see also* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990).

      Petitioner's claims in this case are similar to those made by the unsuccessful prisoner in Gurley, *i.e.*, he thinks this Court should order the South Carolina Court of Appeals to allow him to proceed with his appeal without having to pay for transcripts. For the same reasons that the Fourth Circuit found such claims to have been improperly raised in the North Carolina federal trial court involved in Gurley, Petitioner's claims are not properly raised in this Court. Since the Respondent in this case is a South Carolina state agency, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against Respondent. In absence of federal jurisdiction to issue the writ of mandamus sought, this case is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

      Additionally, to the extent that Plaintiff's pleading asks this Court to review the proceedings in the South Carolina Court of Appeals and to enter an order/judgment which the Court of Appeals declined to enter, this Court is without jurisdiction to do so and Petitioner's claims are frivolous. The proceedings in the South Carolina Court of Appeals cannot be reviewed or set aside by the

United States District Court for the District of South Carolina in this case. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983). In Feldman, the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.[4] *See* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. *See*, *e.g.*, Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991). The Rooker-Feldman doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *See* Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The Rooker-Feldman doctrine also applies even if the state court litigation has not reached a state's highest court. *See* Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. v. Namaco Indus., 797 F.2d 176, 178 (4th Cir. 1986). The submission of the "Motion for Default Judgement" in this case does not alter the fact that Petitioner is really attempting to have this Court review proceedings before the South Carolina Court of Appeals, something this Court cannot do. *See* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986)(principles barring review by federal district courts of state court decisions are not limited to actions which "candidly seek review" of the state court decree, but extend to other actions where constitutional claims are

---

[4] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See* Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1991).

5

inextricably intertwined with the state court's grant or denial of relief).  See  Hagerty v. Succession of Clement, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases); Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981); Kansas Ass'n of Public Employees v. Kansas, 737 F. Supp. 1153, 1154 (D.Kan. 1990); Fuller v. Harding, 699 F. Supp. 64, 66-67 (E.D. Pa. 1988).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition filed in this case be dismissed *without prejudice* and without requiring Respondent to file a return.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

At least one court has held that a dismissal of a petition for mandamus due to frivolity also constitutes a strike.  See In re Jacobs, 213 F.3d 289 (5th Cir. 2000).  Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Petitioner's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

March 27, 2006
Greenville, South Carolina

6

...
...

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the period for filing objections, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
