

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| GARY L. WISE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:06-923-HFF-WMC |
| | § | |
| S.C. DEPT. OF CORRECTIONS, | § | |
| | § | |
| Respondent. | § | |

---

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING PETITION**

---

This is an action for relief filed by a state inmate. Petitioner is proceeding *pro se.* The

matter is before the Court for review of the Report and Recommendation (Report) of the United

States Magistrate Judge suggesting that the Court dismiss the petition and enter a strike. The Report

is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South

Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

no presumptive weight. The responsibility to make a final determination remains with the Court.

*Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo*

determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 27, 2006, and Petitioner filed objections on April 6, 2006. The Court now reviews the record in this case pursuant to the standard set forth above and analyzes Petitioner's objections.

This action seeks review of an order of the South Carolina Court of Appeals which denied Petitioner's motion to proceed *in forma pauperis* on appeal of his state conviction. After that denial, Petitioner filed a motion for reconsideration, to which the State of South Carolina did not respond and on which the Court of Appeals has yet to rule. Although this action seeks a default judgment against the State, the Magistrate Judge, citing precedent requiring liberal construction of *pro se* filings, analyzed it as a petition for a writ of *mandamus*. Concluding that Petitioner has not satisfied the stringent standard which must be met before the writ will issue, the Magistrate Judge recommended that the petition be summarily dismissed and that a strike be entered.

In his objections, Petitioner asserts that he does not seek a writ of *mandamus*; nevertheless, he accepts and agrees with the Magistrate Judge's recommendation that this action be dismissed due to the Court's lack of jurisdiction over proceedings in the South Carolina Court of Appeals. (Objections 3 ("Therefore, since . . . the district court has made it perfectly clear that they do not have jurisdiction over the matter, then this case should be dismissed as such and without prejudice.").) Petitioner does, however, "highly object[]" to the recommendation that this action be deemed a strike under 28 U.S.C. § 1915(g). *Id.*

As Petitioner does not object to the recommendation that this action be dismissed, the Court adopts this recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that in the absence of such objections, the Court is not required to give any explanation for adopting the recommendation). The Court, however, declines to deem this dismissal a strike for purposes of 28

2

U.S.C. § 1915(g) due to the uncertainty of whether Petitioner intended this action to be one seeking *mandamus*.  *See* Report at 6 (premising recommendation of a strike on the filing of a frivolous petition for a writ of *mandamus*).

Accordingly, the Court adopts and incorporates herein that portion of the Report which concludes that the action be dismissed *without prejudice* and finds that this case should be, and hereby is, **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 6th day of April, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
Petitioner is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.